MOJAC FINANCE CO., INC., Appellant, *v.* WATERSIDE HOLDING CORPORATION and Another, Defendants, Impleaded with THE CONTINENTAL INSURANCE COMPANY, Respondent.

First Department, May 29, 1930.

*Joseph Feldman* of counsel [*Louis Rosenberg* with him on the brief; *Louis Rosenberg*, attorney], for the appellant.

*Abraham Kaplan* of counsel [*Philip Samuels* with him on the brief; *Powers & Kaplan*, attorneys], for the respondent.

FINCH, J. From an order denying a motion for summary judgment against the defendant The Continental Insurance Company, plaintiff appeals.

The plaintiff is a lessee under a long term lease of certain real property. By the terms of this lease the plaintiff was required to keep the building insured against damage by fire for the benefit of the landlord, with the policy issued in such manner that the loss, if any, should be payable to the landlord or to the mortgagee of the premises, in the first instance. In the event of partial damage the plaintiff was required to make the necessary repairs at its own expense but, upon completion of such repairs and full payment therefor, the landlord was required to pay to the tenant such moneys as might be received by the landlord upon the policy in question. Defendant Waterside Holding Corporation is the owner and the New York Savings Bank is the mortgagee. The amount of the insurance was settled with the insurance company, who issued its check for $75,000, payable to the owner, the Waterside Holding Corporation, and the New York Savings Bank. The check was not deposited and not returned to the insurance company for some months and thereupon the insurance company made a reinspection and ascertained that in its opinion certain repairs had been made which would reasonably cost only $37,500 and that the property had not been restored to its original con-

dition. It, therefore, stopped payment on the check, and the plaintiff, tenant, brought this action.

The defendant by way of defense sets up a so-called misrepresentation or mutual mistake, alleging that the tenant represented to it that these repairs were essential. The defendant insurance company fails to show any issue of misrepresentation or mutual mistake. The damages were perceptible and apparent and were seen by the defendant. Following the notice of the fire given to all the insurance companies, adjusters of the New York Board of Fire Underwriters were appointed by the companies to act as adjusters on their behalf. These adjusters employed an expert in the appraisal of fire damage to buildings, and this expert made an inspection of the damaged premises. No claim is made that the damages occasioned by the fire were not clearly discernible, nor that the cost of replacement and repair was otherwise than clearly computable. These adjusters for the insurance companies, with their expert, estimated the loss to be a sum less than $75,000. A representative of the plaintiff estimated the loss at a sum in excess of $93,000. This latter estimate of the plaintiff was submitted to the adjusters for the insurance companies, who engaged an experienced builder and an expert in the appraisal of fire losses to make an independent inspection and appraisal predicated upon an examination of the damages caused by the fire. In his opinion the reasonable value of repairing the damage was the sum of approximately $70,000. The representative of the plaintiff stood upon the estimate obtained in its behalf. The adjusters for the insurance companies predicated their offer to settle upon the estimate submitted by their expert. The plaintiff finally offered in compromise to settle its loss for the sum of $80,000, while the adjusters offered $70,000. After further negotiations, the loss was finally adjusted in compromise at the sum of $75,000 and checks aggregating that amount were thereafter delivered. This action is predicated upon the check which represents the *pro rata* share of the contribution of this defendant insurance company towards the settlement. The insurance company had an obligation under its policy either to repair the damage itself or compensate the assured therefor. The defendant insurance company choose to pay the damage. The amount of the damage having been agreed upon, there was no obligation under the policy on the part of the plaintiff to make the repairs.

Any dispute between the owner and the mortgagee and the tenant would not create a right which did not otherwise exist in the insurance company.

It follows that the order denying the motion for summary judg-

ment should be reversed, without costs, and the defendant Continental Insurance Company ordered to pay the money into court pending the trial of the conflicting claims to the fund of the other parties to the action.

DOWLING, P. J., MCAVOY and SHERMAN, JJ., concur; MERRELL, J., dissents.

Order reversed, without costs, and defendant Continental Insurance Company ordered to pay the money into court pending the trial of the conflicting claims to the fund of the other parties to the action. Settle order on notice.